UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RHONDA REED                                                              CIVIL ACTION

VS.                                                                      NO. 2:18-CV-9093

METROPOLITAN LIFE INSURANCE COMPANY,
CITGO PETROLEUM CORPORATION BENEFITS PLAN
COMMITTEE, CITGO PETROLEUM CORPORATION LONG
TERM DISABILTIY INSURANCE PROGRAM FOR SALARIED
EMPLOYEES, CITGO PETROLEUM CORPORATION SALARIED
EMPLOYEE'S PENSION PLAN and CITGO PETROLEUM CORPORATION
MEDICAL, DENTAL, VISION AND LIFE INSURANCE PROGRAM
FOR SALARIED EMPLOYEES

## COMPLAINT

The Complaint of Rhonda Reed respectfully alleges:

1. This is a claim for ERISA long term disability benefits, as well as other employee welfare benefits that Plaintiff would receive upon approval of her long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Rhonda Reed**, of lawful age and a resident of Lake Charles, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, Citgo Petroleum Corporation and an insured participant of a group disability policy issued by Metropolitan Life Insurance Company.

4. Defendant, **Metropolitan Life Insurance Company ("MetLife")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, MetLife is incorporated in New York, New York.

5. Defendant, **Citgo Petroleum Corporation Benefits Plans Committee ("Citgo")**, is the plan administrator for Plaintiff's long term disability benefit plan as well as other employee

1

welfare benefits Plaintiff is entitled to receive due to her receipt of long term disability benefits.

6. Defendant, **Citgo Petroleum Corporation Long Term Disability Insurance Program for Salaried Employees**, is an employee welfare benefit plan provided by Citgo Petroleum providing its salaried employees with long term disability coverage.

7. Defendant, **Citgo Petroleum Corporation Salaried Employee's Pension Plan**, is an employee welfare benefit plan offered to employees of Citgo and which provides for continuing credited service during periods in which Plaintiff is deemed to be disabled under the long term disability plan.

8. Defendant, **Citgo Petroleum Corporation Medical, Dental, Vision, and Life Insurance Program for Salaried Employees,** is an employee welfare benefit plan offered to employees of Citgo and which provides for continuing benefits upon approval of Plaintiff's claim for long term disability benefits.

9. MetLife issued a group policy, insuring the employees of Citgo Petroleum Corporation. Plaintiff is a beneficiary and insured under the policy.

10. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

11. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

12. Plaintiff is disabled under the terms of the disability policy issued by MetLife.

13. MetLife unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy. As a result of the denial of long term disability benefits, Plaintiff lost valuable life insurance, pension credits, health insurance, dental insurance, among other employee

welfare benefits, that she would have continued to receive had her claim for long term disability benefits been approved.

14. Plaintiff appealed the denial, but MetLife upheld its previous decision.

15. Plaintiff then exercised her right to appeal MetLife's decision to the Citgo Petroleum Corporation Benefits Plans Committee.

16. Upon receipt of Plaintiff's appeal of the benefit amounts, Citgo had 45 days to render a decision pursuant to 29 C.F.R. § 2560.503-1. Under ERISA, Citgo could request a one-time extension of an additional 45 days in which to decide the appeal, for a total of 90 days. Citgo has failed to render a decision within 90 days from the date in which Plaintiff submitted her appeal. As such, her administrative remedies are deemed exhausted.

17. Despite receiving overwhelming proof of claim which fully apprised MetLife and Citgo that Plaintiff is entitled to long term disability benefits under plan terms, Citgo has failed to render a decision within the time allowed by ERISA. 29 C.F.R. § 2560.503-1. Her administrative remedies are therefore deemed exhausted.

18. Plaintiff has exhausted her administrative remedies and now files this suit to reverse MetLife and Citgo's denial of her benefits.

19. MetLife and Citgo have abused their discretion as plan administrator and claims administrator by denying Plaintiff's claim for disability benefits and other employee welfare benefits in bad faith.

20. MetLife and Citgo's denials are based on insubstantial evidence and are arbitrary and capricious and an abuse of discretion.

21. MetLife and Citgo have abused their discretion by failing to consider Plaintiff's medical condition in relation to the actual duties of her occupation.

22. MetLife and Citgo administered Plaintiff's claim with an inherent and structural conflict of interest as MetLife is liable to pay benefits from its own assets to Plaintiff, and each payment depletes MetLife's assets. In addition, Plaintiff's other employee welfare benefits, such as pension, life insurance, medical insurance, etc. are funded at least in part by Citgo and therefore Citgo has operated under an inherent conflict of interest.

23. MetLife and Citgo have failed to give the policy and Plan a uniform construction and interpretation.

24. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer as a result.

25. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

26. Defendants' denials have required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208

                                                New Orleans, Louisiana 70170
                                                (504) 582-1286; (f) (313)692-5927
                                                rtoledano@willefordlaw.com